IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Avenue NW
Washington, D.C. 20001

                *Plaintiff*,

v.

U.S. CITIZENSHIP AND
IMMIGRATION SERVICES
20 Massachusetts Avenue NW
Room 4210, MS 2120
Washington, D.C. 20529,

                *Defendant*.

Case No. 1:21-cv-1532

## COMPLAINT

1.    This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel production of agency records requested by Plaintiff Institute for Constitutional Advocacy and Protection (ICAP) from Defendant U.S. Citizenship and Immigration Services (USCIS).

2.    For approximately one year, the U.S. Department of Homeland Security (DHS) enforced a final rule that gave USCIS expansive authority to deny noncitizens admission to the United States on the ground that they are likely to become a "public charge." *See* Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019) (codified at 8 C.F.R. pts. 103, 212–14, 245, 248) [hereinafter "Public Charge Rule" or "Rule"].

3.    Although the Public Charge Rule is no longer in force due to litigation brought by ICAP and others that successfully challenged the Rule's legality, little is known about how

USCIS implemented the Rule during the period in which it was in effect.

4. On March 15, 2021, ICAP submitted a FOIA request to USCIS, seeking to obtain information about how USCIS implemented the Public Charge Rule. Specifically, ICAP requested all notices issued by USCIS while the Rule was in force that denied applications for adjustment of status on public-charge grounds. In addition, ICAP requested records reflecting the total number of adjustment-of-status applications adjudicated over the past several years and, of those, how many were denied on public-charge grounds.

5. The statutory deadline for USCIS to respond to ICAP's request has elapsed, and USCIS has not produced any documents. ICAP therefore brings this suit to challenge USCIS's failure to timely process ICAP's request and to disclose responsive records.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Because USCIS has failed to comply with the FOIA statute's time-limit provisions, ICAP is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining USCIS from continuing to withhold the requested records and ordering their production.

## PARTIES

9. Plaintiff Institute for Constitutional Advocacy and Protection is a nonprofit legal institute based at Georgetown University Law Center whose mission is to use the power of the courts to defend American constitutional rights and values. In addition to its pro bono litigation,

ICAP publishes scholarly and opinion articles, reports, and press releases. ICAP is the requester of the records that are in USCIS's possession. ICAP will use any records produced by USCIS to inform the public's understanding of how USCIS implemented the Public Charge Rule, and not for any commercial use.

10. Defendant U.S. Citizenship and Immigration Services is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C.

**FACTS**

**I.    Background**

11. Under § 212(a)(4) of the Immigration and Nationality Act (INA), noncitizens are inadmissible to the United States and ineligible for adjustment of status if they are "likely at any time to become a public charge." 8 U.S.C. § 1182(a)(4)(A). The INA does not define "public charge."

12. Throughout most of the history of the public-charge provision—which has been part of federal immigration law since 1882—courts and the Executive Branch have interpreted the term "public charge" narrowly to exclude only noncitizens who are likely to become primarily dependent on the government for subsistence.

13. In accord with that narrow understanding of the public-charge provision, for more than 20 years, USCIS and its predecessor, the Immigration and Naturalization Service (INS), operated under field guidance that formally adopted the "primarily dependent" definition as the standard for public-charge determinations. *See* Field Guidance on Deportability and Inadmissibility on Public Charge Grounds, 64 Fed. Reg. 28,689 (Mar. 26, 1999) [hereinafter "1999 Field Guidance"].

14. For a brief time, DHS adopted and enforced an unprecedentedly broad

understanding of the public-charge provision. On August 14, 2019, DHS published a final rule that defined "public charge" to deny admission and adjustment of status to exclude noncitizens who are likely to accept only a small amount of supplemental public benefits for even a short period of time. 84 Fed. Reg. at 41,510 (defining "public charge" to mean "an alien who receives one or more" of an enumerated set of public benefits "for more than 12 months in the aggregate within any 36-month period," with multiple types of benefits received in a single month counting as multiple months of benefits).

15. Several lawsuits were filed around the country challenging the Public Charge Rule under the Administrative Procedure Act and the U.S. Constitution. Among them was a lawsuit brought by ICAP on behalf of CASA de Maryland, Inc., an immigrant rights organization; two CASA members who intended to adjust status in the future; and the City and Mayor of Baltimore. *CASA de Maryland, Inc. v. Trump*, 414 F. Supp. 3d 760 (D. Md. 2019), *rev'd* 971 F.3d 220 (2020), *reh'g en banc granted*, 981 F.3d 311.

16. Preliminary injunctions obtained in *CASA* and other cases delayed the Rule from going into effect until February 24, 2020. *Public Charge Fact Sheet*, U.S. Citizenship & Immigr. Services, https://www.uscis.gov/archive/public-charge-fact-sheet (last updated Mar. 3, 2021).

17. Litigation against the Public Charge Rule continued once it had gone into effect, and on November 2, 2020, the U.S. District Court for the Northern District of Illinois issued an order vacating the Rule on a nationwide basis. *Cook County v. Wolf*, 498 F. Supp. 3d 999, 1007 (N.D. Ill. 2020).

18. That order was subsequently stayed by the U.S. Court of Appeals for the Seventh Circuit until March 9, 2021, when DHS voluntarily moved to dismiss its appeal of the vacatur

order. Notice of Issuance of Mandate, *Cook County v. Wolf*, No. 20-3150 (7th Cir. Mar. 9, 2021); *see also* Inadmissibility on Public Charge Grounds; Implementation of Vacatur, 86 Fed. Reg. 14,221 (Mar. 15, 2021) (codified at 8 C.F.R. pts. 103, 106, 212-14, 245, 248) (implementing the vacatur order of the Northern District of Illinois).

19. The effect of the vacatur order is that USCIS has resumed adjudicating public-charge determinations under the 1999 Field Guidance, thus bringing to a close a period between February 24, 2020, and March 9, 2021, when the Public Charge Rule governed public-charge determinations.

## II. ICAP's FOIA Request

20. On March 15, 2021, ICAP submitted a FOIA request to USCIS seeking records that would help ICAP and the public better understand how USCIS implemented the Public Charge Rule while it was in effect. Specifically, ICAP requested disclosure of:

> [a.] All notices issued by USCIS between February 24, 2020, and Ma[r]ch 9, 2021 (inclusive), denying applications for adjustment of status pursuant to Section 212(a)(4)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(4)(A) (i.e., on public-charge grounds).
>
> [b.] All records reflecting the number of adjustment-of-status applications adjudicated on an annual basis between 2015 and 2021 (inclusive) and the total number adjustment-of-status applications denied pursuant to Section 212(a)(4)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(4)(A) (i.e., on public-charge grounds) during that time period. For the year 2021, please provide records addressing the requested information between January 1, 2021, and March 9, 2021.

Ltr. from Jonathan Backer, Inst. for Constitutional Advocacy & Protection, to Jill A. Eggleston, U.S. Citizenship & Immigration Servs. (Mar. 15, 2021) (attached as Exhibit A).

21. FOIA requires agencies to issue a determination in response to a request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

22. In "unusual circumstances" enumerated by the FOIA statute, an agency may

obtain an extension by notifying the requester in writing of the unusual circumstances and specifying the date by which a determination will be made. *Id.* § 552(a)(6)(B)(i). If the agency claims that the unusual circumstances justify an extension greater than ten business days, it must provide the requester an opportunity to narrow the scope of the request. *Id.* § 552(a)(6)(B)(ii).

23. By a letter dated March 23, 2021, USCIS acknowledged receipt of this request and assigned the request tracking number COW2021001009. Ltr. from Terri White, U.S. Citizenship & Immigration Servs., to Jonathan Backer, Inst. for Constitutional Advocacy & Protection 1 (Mar. 23, 2021) (attached as Exhibit B).

24. In its letter, USCIS invoked its right under FOIA to a 10-day extension, citing the large number of FOIA requests that USCIS is processing and the scope and nature of ICAP's request. *Id.* at 2. Accordingly, with the 10-day extension factored in, USCIS's response to ICAP's request was due on or before April 26, 2021.

25. To date, USCIS, has not responded to ICAP's request. According to USCIS's FOIA portal, ICAP's request has been reviewed by the National Records Center, and responsive documents have been obtained, but those documents have not yet been processed by USCIS. *See* Exhibit C.

26. USCIS's failure to respond to ICAP's request constitutes constructive denial of its request. This denial is without legal justification.

## CLAIM FOR RELIEF

### Count 1
### Violation of FOIA, 5 U.S.C. § 552

27. ICAP repeats and incorporates by reference each of the allegations set forth in each of the foregoing paragraphs.

28. ICAP properly requested records within the possession, custody, and control of

USCIS.

29. USCIS is an agency subject to FOIA and therefore must make reasonable efforts to search for the requested records and provide ICAP access to those records.

30. USCIS has failed to respond to ICAP's request within the statutory deadline.

31. USCIS has wrongfully withheld records responsive to ICAP's request.

32. Because of USCIS's failure, ICAP's obligation to exhaust administrative remedies is satisfied.  5 U.S.C. § 552(a)(6)(C)(i).

## PRAYER FOR RELIEF

WHEREFORE, ICAP respectfully requests that this Court:

1. Order Defendant USCIS to promptly process ICAP's request and disclose the responsive agency records;

2. Award ICAP the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

3. Grant ICAP such other relief as the Court deems just and proper.

Dated: June 7, 2021

Respectfully submitted,

/s/ Mary B. McCord
Mary B. McCord (D.C. Bar No. 427563)
Jonathan L. Backer (D.C. Bar No. 1613073)*
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
(202) 661-6607

*Application for admission pro hac vice forthcoming.

*Attorneys for Plaintiff*